IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

S. D. C/O CHERRI MARTINEZ,

      Appellant,

v.

AGENCY FOR HEALTH CARE
ADMINISTRATION,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3916

_____/

Opinion filed October 4, 2016.

An appeal from an order of the Department of Children and Families.
Leslie Green, Hearing Officer.

Travis D Finchum of Special Needs Lawyers, P.A., Clearwater, for Appellant.

Amy Elizabeth Miles, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, S.D. c/o Cherri Martinez, appeals a Final Order of the Department of Children and Families that approved the reduction of personal care and homemaker services that Appellant receives through Medicaid. As Appellant argues, and as Appellee, the Agency for Health Care Administration, acknowledges,

Appellant's right to due process was violated when the hearing officer, following the hearing addressing Appellant's reduction in services, held the record open for the submission of additional evidence without seeking and obtaining the parties' agreement and without providing each party the opportunity to address and rebut the other side's additional evidence. See Fla. Admin. Code R. 65-2.066(2) ("The Final Order [of the Office of Appeal Hearings of the Department of Children and Family Services] shall be based exclusively on evidence and other materials introduced at the hearing or material submitted after the hearing upon agreement of all parties."); 42 C.F.R. § 431.242(e) (providing that an applicant or beneficiary under Medicaid must be given an opportunity to "[q]uestion or refute any testimony or evidence"); 45 C.F.R § 205.10(a)(13)(vi) (providing that a "claimant [for public assistance], or his representative, shall have adequate opportunity" "[t]o question or refute any testimony or evidence, including opportunity to confront and cross-examine adverse witnesses"); 42 C.F.R. § 431.205(d) (providing that the hearing system employed by the "Medicaid agency" "must meet the due process standards set forth in Goldberg v. Kelly, 397 U.S. 254 (1970) [including the right to confront and cross-examine the witnesses relied upon by the agency], and any additional standards specified in this subpart"). We also agree with Appellant that the hearing officer erred in relying on a February 2015 701B assessment when the only February 701B assessment included in the record was from 2014, a fact also acknowledged by the Agency. See

2

Fla. Admin. Code R. 65-2.066(2).

Accordingly, we REVERSE the Final Order and REMAND for a new hearing.

LEWIS, BILBREY, and WINOKUR, JJ., CONCUR.